**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BERTDELL SHAW, | |
| Plaintiff, | CIVIL ACTION NO. 4:23-CV-01868 |
| v. | (MEHALCHICK, J.) |
| VETFORCE, INC. PENNSYLVANIA, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is a Motion for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure filed by Defendant Vetforce, Inc. Pennsylvania ("Defendant"). (Doc. 19). This action was commenced by the filing of a complaint ("Complaint") on November 8, 2023, by Bertdell Shaw ("Plaintiff"). (Doc. 1). Plaintiff alleges claims of hostile work environment, disparate treatment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1). Defendant now asserts persistent unresponsiveness and noncompliance with discovery against Plaintiff's attorney. For the following reasons, Defendant's motion for sanctions will be **GRANTED,** and the Complaint **DISMISSED without prejudice**. (Doc. 19).

I. <span style="font-variant:small-caps">Background and Procedural History</span>

The following factual summary is taken from Plaintiff's Complaint and Defendant's brief in support of its motion for sanctions. (Doc. 1; Doc. 20). On or around July 19, 2022, Plaintiff became employed with Defendant as a Transporter. (Doc. 1, ¶ 9). As the only Black individual employed by Defendant in his assigned office, Plaintiff alleges he was subjected to harassment and discrimination in the workplace based on his race. (Doc. 1, ¶¶ 12-23, 33-43). Plaintiff further alleges he was investigated and subsequently terminated for formally

complaining about racism in the workplace and the harassment he suffered by Defendant's employees. (Doc. 1, ¶¶ 68-69).

After repeated attempts to cooperate with Plaintiff's counsel, Defendant now seeks sanctions in the form of attorney's fees and/or dismissal. According to Defendant, this motion comes in response to Plaintiff's attorney's repeated failures to produce initial disclosures, respond to document requests, and complete depositions. (Doc. 20, at 2-6). Specifically at issue is counsel's repeated failures to comply with discovery requests over the course of five months, from January 24, 2024, to June 12, 2024. (Doc. 20, at 6).

The relevant timeline of events is as follows: On both January 12, 2024, and February 4, 2024, Defendant's counsel e-mailed Plaintiff's counsel to check on status of initial disclosures and received no response. (Doc. 20, at 2). Defendant's counsel attempted to contact Plaintiff's counsel again via both e-mail and overnight mail on March 14, March 18, and March 19, 2024. (Doc. 20, at 2). Around this time, Defendant's counsel learned that Plaintiff's counsel was no longer employed at his former law firm. (Doc. 20, at 2). Accordingly, Defendant's counsel contacted Plaintiff's counsel at a new email address provided by his former firm. (Doc. 20, at 2).

Plaintiff's counsel finally responded to Defendant's counsel on March 21, 2024, at 1:32 AM. (Doc. 20, at 2). In this communication, Plaintiff's counsel cancelled a deposition scheduled for that day. (Doc. 20, at 2). Defendant's counsel called Plaintiff's counsel later that morning to reschedule the cancelled deposition to March 28, 2024. (Doc. 20, at 2). At this time, Defendant's counsel also resent requests for interrogatories, document production, and initial disclosures. (Doc. 20, at 3). On March 28, 2024, the date of the rescheduled deposition, Plaintiff's counsel once again cancelled the deposition just before it was scheduled

to occur because he was not prepared. (Doc. 20, at 3). Plaintiff's counsel then untimely responded to interrogatories on April 4, 2024, one day late, and the deposition took place as rescheduled for a second time on April 5, 2024. (Doc. 20, at 3).

Defendant's counsel requested initial disclosures and document production again on April 21, 2024, but received no response. (Doc. 20, at 4). On April 30, 2024, the discovery deadline in this case expired. (Doc. 20, at 4). The Court scheduled a telephone discovery conference with the parties for May 22, 2024, but upon joining the call, Defendant's counsel learned from the Court that Plaintiff's counsel was in trial and unavailable for the call. (Doc. 20, at 4). The parties rescheduled the discovery conference with the Court for June 5, 2024. On June 5, 2024, during the call, Plaintiff's counsel admitted he had never met his client in person, nor had he ever seen or been in possession of certain materials at issue. (Doc. 20, at 5). Plaintiff's counsel told Defendant's counsel he would find out if the materials existed and would then provide discovery responses to Defendant's counsel by June 7, 2024. (Doc. 20, at 5). Plaintiff's counsel failed to do so.

On June 12, 2024, Plaintiff's counsel emailed Defendant's counsel, acknowledging his failure to produce documents, and invited Defendant's counsel to schedule a call for that afternoon. (Doc. 20, at 5). Defendant's counsel was not available for the call, however, and once again requested initial disclosures be provided by the end of the day. (Doc. 20, at 5). No requested documents or initial disclosures were received that evening. (Doc. 20, at 6).

Defendant filed a motion for sanctions under Rule 37 on June 13, 2024, along with its brief in support. (Doc. 19; Doc. 20). Plaintiff's counsel has not filed a brief in opposition, despite a Court order requiring him to do so, and the time for filing has passed. The Court held oral argument on the motion on July 1, 2024. Plaintiff's counsel failed to appear. During

the argument, Defendant's counsel notified the Court that Plaintiff's counsel provided initial disclosures to him the day after the present motion was filed. However, the disclosures contain minimal details and are riddled with mistakes, including listing Defendant's counsel as a witness for Plaintiff and referring to Plaintiff as a woman. Defendant's counsel submitted letters to the court on multiple occasions detailing the disputes herein. (Doc. 20, at 3-4). The motion for sanctions is ripe for disposition. (Doc. 19; Doc. 20).

## II.   LEGAL STANDARD

"A district court has the inherent power to sanction parties appearing before it for refusing to comply with its orders and to control litigation before the court." *Glime v. Susquehanna Valley Pre-Owned Sales & Serv.*, No. 4:21-CV-01499, 2022 WL 19005562, at *1 (M.D. Pa. Dec. 22, 2022). Because of this, "[t]he decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Deville v. Givaudan Fragrances Corp.*, 419 F. App'x 201, 205 (3d Cir. 2011) (quoting *Bowers v. Nat'l Collegiate Athletics Ass'n,* 475 F.3d 524, 538 (3d Cir.2007)). While much discretion is given to the judiciary when imposing sanctions, the Court "must make factual findings that are sufficient to support its conclusions of law." *Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 185 (3d Cir. 2003). Rule 26 of the Federal Rules of Civil Procedure provides the general rules governing discovery, while Rule 37 includes sanctions available for failure to comply with discovery requests.

"Dismissal [as a sanction] under Fed. R. Civ. P. 37 is [also] a matter for the discretion of the district court." *Curtis T. Bedwell & Sons, Inc., v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir.1988) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (per curium)). The sanction of dismissal, however, "is disfavored absent the most egregious

circumstances." *U.S. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir.2003) (citing

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867–68 (3d Cir.1984). Where the proposed

sanctions include dismissal, entry of default judgment, or the preclusion of claims or defenses,

the exercise of that discretion is governed by six factors originally enumerated by the Third

Circuit Court of Appeals in *Poulis v. State Farm Fire & Casualty Co.* 747 F.2d 863; *Knoll v. City*

*of Allentown*, 707 F.3d 406, 409–10 (3d Cir.2013).

      Parties are required to respond to requests for initial disclosure within 14 days of a

Rule 26(f) conference unless otherwise stipulated in a court order. Fed. R. Civ. P. 26. Parties

also must respond to interrogatories and requests for production of documents within 30 days.

Fed. R. Civ. P. (33)(b)(2); Fed. R. Civ. P. 34(b)(2)(A). If discovery attempts render themselves

fruitless, a party may request discovery sanctions pursuant to the Federal Rules. Federal Rule

of Civil Procedure 37(c)(1), permits sanctions as follows:

> (1) If a party fails to provide information or identify a witness as required by
> Rule 26(a) or (e), the party is not allowed to use that information or witness
> to supply evidence on a motion, at a hearing, or at a trial, unless the failure
> was substantially justified or is harmless. In addition to or instead of this
> sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's
> > fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders
> > listed in Rule 37(b)(2)(A)(i)-(vi).

*Billman v. Easton Area Sch. Dist.*, 620 F. Supp. 3d 215, 220 (E.D. Pa. 2022) (quoting
Fed. R. Civ. P 37(c)(1)).

      Rule 37(d) similarly permits sanctions when "if a party fails, after being served with

proper notice, to appear for that person's deposition." *Beale v. Wetzel*, No. CV 13-15ERIE,

2016 WL 11478174, at *1 (W.D. Pa. Oct. 18, 2016) (citing Fed. R. Civ. P. 37(d)(A)(i)), *report*

*and recommendation adopted*, No. CV 13-15 ERIE, 2016 WL 6573854 (W.D. Pa. Nov. 7, 2016).

Rule 37(c) and 37(d) both allow for any type of sanction listed in Rule 37(b)(2)(A)(i)–(vi), which includes "dismissing the action or proceeding in whole or in part." *Kim v. Columbia Cnty. Child. & Youth Servs.*, No. 4:15-CV-02331, 2016 WL 8257721 (M.D. Pa. Dec. 19, 2016) (quoting Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi)), *report and recommendation adopted sub nom. Kim v. Columbia Cnty. Child. & Youth Serv.*, No. 4:15-CV-2331, 2017 WL 621231 (M.D. Pa. Feb. 15, 2017). The Third Circuit has also noted that district courts may "impose on an attorney those expenses, including attorneys' fees, caused by an unjustified failure to comply with discovery orders or pretrial orders." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008).

Rule 37(e) governs "the applicability of sanctions for spoliation of electronically stored information" and "applies when "[1] electronically stored information that [2] should have been preserved in the anticipation or conduct of litigation [3] is lost [4] because a party failed to take reasonable steps to preserve it, and [5] it cannot be restored or replaced through additional discovery." *Davis v. Healthcare Servs. Grp., Inc.*, No. 2:16-CV-2401, 2017 WL 11723674, at *2 (E.D. Pa. Sept. 5, 2017) (quoting Fed. R. Civ. P. 37(e)), *opinion clarified*, No. CV 16-2401, 2018 WL 11484946 (E.D. Pa. Nov. 30, 2018). Courts may only order "measures no greater than necessary to cure the prejudice." *Davis*, 2017 WL 11723674, at *2 (quoting Fed. R. Civ. P. 37(e)).

## III.   DISCUSSION

Where the proposed sanctions include dismissal, the Court's exercise of its discretion is governed by six factors, known as the *Poulis* factors, laid out by the Third Circuit Court of Appeals in *Poulis v. State Farm Fire & Casualty Co.* 747 F.2d 863; *see Knoll*, 707 F.3d at 409–10; *see, e.g., Hernandez v. Palakovich*, 293 F. App'x 890, 896 (3d Cir. 2008) (requiring a district court

to apply the *Poulis* factors even when the dismissal was without prejudice because all sanctions orders depriving a party of the right to proceed warrant a *Poulis* analysis) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir.1990)). These factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal[, default judgment, or preclusion or claims or defenses], which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

> *Poulis*, 747 F.2d at 868.

"In balancing the *Poulis* factors, there is no 'magic formula' or 'mechanical calculation' to determine how they are considered." *Miles v. Elliot*, No. 94–4669, 2011 WL 857320, at *4 (E.D. Pa. Mar.10, 2011) (citing *Briscoe*, 538 F.3d at 263 (3d Cir.2008). "Although each factor need not be satisfied for the trial court to dismiss a claim [or entry of default], any and all doubts should be resolved in favor of reaching a decision on the merits." *Wirerope Works, Inc. v. Travelers Excess & Surplus Lines Co.*, No. 07–169, 2008 WL 2073375, at *3 (E.D. Pa. May 12, 2008) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir.2003); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir.2002), *Adams v. Trustees of the N.J. Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir.1994)). Examples of cases where default judgment was entered or a case was dismissed include: *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, which reversed the Third Circuit in holding that the district court did not abuse its discretion in dismissing a complaint under Rule 37 where the district court found that a plaintiff demonstrated "flagrant bad faith" amounting to a "callous disregard" of his responsibilities, 427 U.S. at 643; *Mindek v. Rigatti*, which upheld the district court's entry of default judgment where a litigant "flagrantly" violated court orders, 964 F.2d

1369 (3d. Cir. 1992); and *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, which held that the district court did not abuse its discretion in excluding damages evidence at trial where a plaintiff repeatedly failed to comply with discovery orders and produced unsupported damages evidence one week before trial, 843 F.2d at 691.

Regarding the first *Poulis* factor, Defendant concedes, and this Court agrees, that the personal responsibility factor weighs against dismissal. (Doc. 20, at 9). The Supreme Court has held that "it is not unjust to the client to dismiss his case because of his counsel's 'unexcused conduct.'" *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 133 (3d Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). However, the Third Circuit has "'increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault.'" *Hildebrand,* 923 F.3d at 133 (citing *Carter v. Albert Einstein Med. Ctr.,* 804 F.2d 805, 807 (3d Cir. 1986); *see also Matter of MacMeekin,* 722 F.2d 32, 35 (3d Cir. 1983). Plaintiff's counsel has cancelled depositions at the last minute and ignored Court orders and document requests. (Doc. 20, at 2-3, 10). Importantly, as Defendant notes, "it is not clear that Plaintiff [himself] has been recalcitrant" or has had any role in his counsel's unresponsiveness. (Doc. 20, at 10). Because the Plaintiff's opportunity to litigate is at stake due to no fault of his own but of his attorney's, this factor weighs against dismissal.

The second *Poulis* factor, prejudice to the moving party, Defendant argues, and this Court agrees, weighs in favor of dismissal. A finding of prejudice does not require "irremediable harm." *Ware,* 322 F.3d at 222. Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware,* 322 F.3d at 222. Indeed, "it is quite sufficient if he does nothing, knowing that until something is done there will be no trial." *Bendix Aviation Corp. v. Glass,* 32 F.R.D.

8

375, 377 (E. D. Pa. 1961). Here, Plaintiff's counsel's failure to comply with discovery requests, to respond to Court orders and attend discovery conferences, or to file his brief in opposition to Defendant's motion for sanctions impedes Defendant's ability to prepare a trial strategy, or, as Defendant notes, adequately assess the strength of the claims against it. (Doc. 20, at 11). Plaintiff's inactions, coupled with the significant time and resources expended by Defendant in litigating this action, have created an unnecessary stalemate, which prevents Defendant from moving forward with this litigation and renders the time and resources expended by Defendant largely unproductive. Defendant is unable to prepare for trial at this point. Accordingly, the second *Poulis* factor weighs in favor of dismissal.

Defendant contends, and the Court agrees, that the third *Poulis* factor, the history of dilatoriness, also weighs in favor of dismissal. Normally, repeated delays, rather than conduct that occurs one or two times, demonstrate a history of dilatoriness. *Hildebrand,* 923 F.3d at 135 (citing *Briscoe,* 538 F.3d at 261). A history of responsible conduct by the litigant can weigh against dismissal. *Hildebrand,* 923 F.3d at 135. Here, however, Plaintiff's counsel has failed to provide initial disclosures for over five months. (Doc. 20, at 6). He has cancelled a scheduled deposition on two occasions, each at the last minute and without explanation further than unpreparedness, and has failed to respond to emails on multiple occasions. (Doc. 20, at 2-3). Additionally, as Defendant notes, Plaintiff's counsel has been sanctioned for this conduct in other matters. (Doc. 20, at 12-13). All these events considered together suggest a pattern of dilatoriness that weighs in favor of dismissal.

Defendant argues, and this Court is persuaded, that Plaintiff did not necessarily act in bad faith, but did act willfully.  Thus, the fourth factor weighs in favor of dismissal. The fourth factor, willfulness or bad faith, requires the court to consider whether the plaintiff's conduct

reflects mere inadvertence or negligence, or rather "strategic," "intentional" or "self-serving" behavior. *Adams*, 29 F.3d at 875. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262. "A lengthy delay reflects inexcusable negligent behavior, but that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135 (internal quotation omitted). Repeated failure to produce discovery documents or abide by Court orders cannot be considered a simple "lack of due diligence" or an "honest mistake." *See, e.g., Raphael v. Holder*, No. CIV. 3:CV-09-1300, 2010 WL 181743, at *1 (M.D. Pa. Jan. 12, 2010) (finding an attorney's repeated disregard for rules and orders in the discovery context reflect intention). Defendant admits that while he likely cannot show that Plaintiff has acted in bad faith, he can show willfulness since Plaintiff has on numerous occasions flagrantly ignored the promises he made to Defendant and the Court regarding producing documents, attending meetings, and meeting deadlines. (Doc. 20, at 11). It is more likely this behavior is negligent than it is strategic. Defendant has not raised, nor can this Court think of any reason, that the delays here would give Plaintiff a strategic advantage. Regardless, at this point, Plaintiff's consistent failure to respond to Court orders, including his failure to submit a brief in opposition to the present motion or appear for oral argument, suggests some amount of intention, rather than mistake. *See Raphael*, 2010 WL 181743, at *1 (finding the fourth *Poulis* factor of willfulness or bad faith weighs in favor of dismissal when repeated disregard for rules and orders "are not accidental or inadvertent but instead reflect an intentional disregard for the [c]ourt's instructions."). The fourth factor, bad faith, is a difficult determination to make here, but this Court finds it weighs against dismissal.

Defendant argues that the fifth *Poulis* factor, the effectiveness of alternative sanctions,

weighs in favor of dismissal. This Court agrees, even in consideration of the strong presumption against sanctions that decide the issues of a case. *See Ali v. Sims*, 788 F.2d 954, 958 (3d Cir. 1986) ("although sanctions are a necessary part of any court system ... dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court) (quoting *Poulis*, 747 F.2d at 861-68) (internal citations omitted). Defendant notes that other Rule 37 sanctions such as striking pleadings or precluding evidence not already disclosed would be equivalent to dismissal given Plaintiff's counsel's failure to respond at all to requests for initial disclosures or document production. (Doc. 20, at 12). Additionally, Defendant argues, a stay would further prejudice Defendant, who would like to resolve the matter swiftly. (Doc. 20, at 12). Finally, contempt, Defendant argues, would not be a viable alternative because it would not succeed in deterring future actors from engaging in conduct like this. (Doc. 20, at 12). Notably, Defendant alleges that Plaintiff's counsel has been sanctioned for this behavior in several other cases. (Doc. 20, at 12-13); *see, e.g., Katz v. Beebe Healthcare et al.*, Case No. 22-625 (WCB) (D. Del. Apr. 30, 2024); *McNulty v. The Middle East Forum*, Case No. 19-cv-05029-AB (E.D. Pa. Dec. 30, 2020); *Barbounis v. The Middle East Forum*, Case No. 19-cv-05030 (E.D. Pa. Dec. 4, 2020). When traditional attempts to focus an attorney's attention on a matter, such as court orders, fail, the fifth factor weighs in favor of dismissal. *See Raphael*, 2010 WL 181743, at *1 (finding other sanctions ineffective when "traditional attempts" such as orders have been unsuccessful). Here, this Court has repeatedly rescheduled conferences and ordered Plaintiff's attorney to submit filings, comply with discovery, and appear for argument. These efforts have been unsuccessful. The fifth *Poulis* factor weighs in favor of dismissal.

Finally, Defendant admits, and this Court agrees, that the final *Poulis* factor, the

meritoriousness of Plaintiff's claims, weighs against dismissal. The Court does not have the benefit of a motion for summary judgment before it and is unable to make a determination as to the merits of Plaintiff's claims. Therefore, this factor weighs against sanctions. *Moeck v. Pleasant Valley Sch. Dist.*, No. 3:13-CV-1305, 2014 WL 4446679, at *5 (M.D. Pa. Sept. 10, 2014).

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe*, 538 F.3d 252 at 263. Quite the contrary, the Court is guided by the Third Circuit's admonition that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373. Here, on balance, the *Poulis* factors weigh in favor of dismissal of this action without prejudice. This allows Plaintiff to attempt to seek new counsel and refile his claims with another attorney's assistance.

The Court takes seriously the negligence and poor conduct of Plaintiff's counsel. Attorney's fees can be an appropriate sanction, with or without a finding of bad faith, when a party is prejudiced by another party's conduct, and there has been significant inconvenience and expenses incurred. *See Tracinda*, 502 F.3d at 240 (The Court was found to be within its discretion to impose monetary sanctions despite a lack of bad faith or intentional misconduct by the non-complying party due to "the inconvenience and expense" of a party's tardily produced notes). Defendant has been inconvenienced by and expended extra hours of work requesting documents, resending interrogatories, preparing this motion, and even traveling, preparing for, and attending oral argument on July 1, 2024, when Plaintiff's counsel failed to appear. As such, the Court finds the sanction of fees on Plaintiff's counsel is appropriate. *See*

*Tracinda*, 502 F.3d at 240.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' motion for sanctions is **GRANTED**. (Doc. 19). The Complaint is **DISMISSED without prejudice**. (Doc. 1).

An appropriate Order follows.

BY THE COURT:

**Dated: July 8, 2024**                                    *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

13