UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERTDELL SHAW,<br><br>                Plaintiff,<br>    v.<br><br>VETFORCE, INC. PENNSYLVANIA,<br><br>                Defendant. | CIVIL ACTION NO. 4:23-CV-01868<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court are a motion for attorney's fees pursuant to Rule 37 of the Federal Rules of Civil Procedure filed by Defendant Vetforce, Inc. Pennsylvania ("Vetforce") (Doc. 26) and a motion to reinstate action filed by Plaintiff Bertdell Shaw ("Shaw") (Doc. 28). Both motions were filed on August 7, 2024. (Doc. 26; Doc. 28). In Shaw's original complaint filed on November 8, 2023, he alleged claims of hostile work environment, disparate treatment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1). Vetforce moved for the sanctions of dismissal and attorney's fees due to persistent unresponsiveness and noncompliance with discovery by Shaw's attorney. (Doc. 19; Doc. 20). On July 8, 2024, this Court granted Vetforce's motion for sanctions and dismissed Shaw's complaint without prejudice. (Doc. 24; Doc. 25). For the following reasons, Vetforce's motion for attorney's fees will be **GRANTED**, (Doc. 26) and Shaw's motion to reinstate this action will be **DENIED**. (Doc. 28).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

After repeated attempts to cooperate with Shaw's counsel during this case, Vetforce sought sanctions in the form of attorney's fees and/or dismissal. (Doc. 19; Doc. 20). This

motion was based on Shaw's repeated failures to produce initial disclosures, respond to document requests, and complete depositions, and a failure to comply with discovery requests over the course of five months between January and June 2024. (Doc. 20, at 2-6).

Shaw's counsel's noncompliance with discovery was as follows: On both January 12, 2024, and February 4, 2024, Vetforce's counsel e-mailed Shaw's counsel to check on status of initial disclosures and received no response. (Doc. 20, at 2). Vetforce's counsel attempted to contact Shaw's counsel again via both e-mail and overnight mail on March 14, March 18, and March 19, 2024. (Doc. 20, at 2). Around this time, Vetforce's counsel learned that Shaw's counsel was no longer employed at his former law firm, and contacted him at a new email address provided by his former firm. (Doc. 20, at 2). According to Shaw, Shaw faced challenges such as diminished resources while transitioning from his former law firm, which made complying with discovery requests difficult. (Doc. 28, at 2-3).

Shaw's counsel finally responded to Defendant's counsel on March 21, 2024, at 1:32 AM. (Doc. 20, at 2). In this communication, Shaw's counsel cancelled a deposition scheduled for that day. (Doc. 20, at 2). Vetforce's counsel called Shaw's counsel later that morning to reschedule the cancelled deposition to March 28, 2024. (Doc. 20, at 2). At this time, Vetforce's counsel also resent requests for interrogatories, document production, and initial disclosures. (Doc. 20, at 3). On March 28, 2024, the date of the rescheduled deposition, Shaw's counsel once again cancelled the deposition just before it was scheduled to occur because he was not prepared. (Doc. 20, at 3). Shaw's counsel then untimely responded to interrogatories on April 4, 2024, one day late, and the deposition took place as rescheduled for a second time on April 5, 2024. (Doc. 20, at 3).

Vetforce's counsel requested initial disclosures and document production again on

2

April 21, 2024, but received no response. (Doc. 20, at 4). On April 30, 2024, the discovery deadline in this case expired. (Doc. 20, at 4). The Court scheduled a telephone discovery conference with the parties for May 22, 2024, but upon joining the call, Vetforce's counsel learned from the Court that Shaw's counsel was in trial and unavailable for the call. (Doc. 20, at 4). The parties rescheduled the discovery conference with the Court for June 5, 2024. On that call, Shaw's counsel admitted he had never met his client in person, nor had he ever seen or been in possession of certain materials at issue. (Doc. 20, at 5). Shaw's counsel told Vetforce's counsel he would find out if the materials existed and would then provide discovery responses to counsel by June 7, 2024. (Doc. 20, at 5). Shaw's counsel failed to do so.

On June 12, 2024, Shaw's counsel emailed Vetforce's counsel, acknowledging his failure to produce documents, and invited Vetforce's counsel to schedule a call for that afternoon. (Doc. 20, at 5). Counsel was not available for the call, however, and once again requested initial disclosures be provided by the end of the day. (Doc. 20, at 5). No requested documents or initial disclosures were received that evening. (Doc. 20, at 6).

Vetforce then filed a motion for sanctions under Rule 37 on June 13, 2024, along with its brief in support. (Doc. 19; Doc. 20). Shaw's counsel failed to file a brief in opposition, despite a Court order requiring him to do so. The Court held oral argument on the motion on July 1, 2024, at which Shaw's counsel failed to appear. (Doc. 22). The Court granted Vetforce's motion for sanctions on July 8, 2024, and invited Vetforce to file a motion for attorney's fees related to the motion for sanctions. (Doc. 24; Doc. 25). Vetforce filed its motion for attorney's fees related to its motion for sanctions on August 7, 2024, along with a brief in support and a ledger disclosing its billed hours. (Doc. 26; Doc. 26-1; Doc. 27). Shaw failed to file a brief in opposition, but did file a motion to reinstate this action on August 7,

2024. (Doc. 28). Shaw failed to file a separate brief in support of this motion as required by this Court's local rules. The motions are thus ripe for disposition. (Doc. 26; Doc. 27; Doc. 28).

II.  **SANCTION OF ATTORNEY'S FEES**

"A district court has the inherent power to sanction parties appearing before it for refusing to comply with its orders and to control litigation before the court." *Glime v. Susquehanna Valley Pre-Owned Sales & Serv.*, No. 4:21-CV-01499, 2022 WL 19005562, at *1 (M.D. Pa. Dec. 22, 2022). Because of this, "[t]he decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Deville v. Givaudan Fragrances Corp.*, 419 F. App'x 201, 205 (3d Cir. 2011) (quoting *Bowers v. Nat'l Collegiate Athletics Ass'n,* 475 F.3d 524, 538 (3d Cir.2007)). While much discretion is given to the judiciary when imposing sanctions, the Court "must make factual findings that are sufficient to support its conclusions of law." *Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 185 (3d Cir. 2003). Rule 26 of the Federal Rules of Civil Procedure provides the general rules governing discovery, while Rule 37 includes sanctions available for failure to comply with discovery requests.

Rule 37(c) and 37(d) both allow for any type of sanction listed in Rule 37(b)(2)(A)(i)-(vi), which includes "dismissing the action or proceeding in whole or in part." *Kim v. Columbia Cnty. Child. & Youth Servs.*, No. 4:15-CV-02331, 2016 WL 8257721 (M.D. Pa. Dec. 19, 2016) (quoting Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi)), *report and recommendation adopted sub nom. Kim v. Columbia Cnty. Child. & Youth Serv.*, No. 4:15-CV-2331, 2017 WL 621231 (M.D. Pa. Feb. 15, 2017). The Third Circuit has also noted that district courts may "impose on an attorney those expenses, including attorneys' fees, caused by an unjustified failure to comply with discovery

orders or pretrial orders." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008). The authority to award fees and costs is also enumerated in Rule 37(b)(2)(C) and Rule 37(a)(5). Rules 37(b)(2)(C) states:

> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.
>
> Fed. R. Civ. P. 37(b)(2)(C).

In pertinent part, Rule 37(a)(5) provides:

> (5) Payment of Expenses; Protective Orders.
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted ... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> ....
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.
>
> Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

The party moving for sanctions under Rule 37 has the burden of showing that its claim for fees and costs is reasonable. See *ASD Specialty Healthcare, Inc. v. New Life Home Care, Inc.*, No. 11–CV–0068, 2013 WL 1482777, at *7 (M.D. Pa. April 10, 2013) (applying Fed. R. Civ. P. 37(b)(2)(C)); *see also LightStyles, Ltd. ex rel. Haller v. Marvin Lumber & Cedar Co.*, No. 1:13-CV-1510, 2015 WL 4078826, at *2 (M.D. Pa. July 6, 2015). The nonmoving party has the burden of showing that its response or objection to the challenged discovery was substantially justified or that other circumstances make an award of expenses unjust. *Johnson v. Federal Express Corp.*, No. 12–CV–444, 2014 WL 65761, at *1 (M.D. Pa. Jan. 8, 2014) (applying Fed.

5

R. Civ. P. 37(c)(1)); *LightStyles*, 2015 WL 4078826, at *2. "A party is substantially justified in failing to make required discovery when a reasonable person is 'satisf[ied] ... that parties could differ as to whether the party was required to comply with the disclosure request.'" *LightStyles*, 2015 WL 4078826, at *2 (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002)). "The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." *Tolerico*, 205 F.R.D. at 175–76.

### III. DISCUSSION

#### A. MOTION TO REINSTATE ACTION

Shaw contends that the Court's dismissal of this action is improper and asks this Court to reconsider its dismissal and reinstate this action under Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Although Shaw fails to invoke explicitly any of these factors, the Court will construe his assertion that "[r]einstating the case aligns with the interests of justice" as alleging "other reason[s] that justif[y] relief" under Rule 60(b)(6). (Doc. 28, at 3).

Rule 60(b)(6), which allows for relief from judgment for "any other reason that justifies relief," is a "catch-all provision" that is within the court's sound discretion. *Cohen v. Internal Revenue Serv.*, No. CV 2:19-00764 (WJM), 2021 WL 4520338, at *2 (D.N.J. Oct. 4, 2021), *dismissed sub nom. Cohen v. IRS*, No. 21-3064, 2023 WL 3318689 (3d Cir. Mar. 2, 2023) (citing *Pierce Assoc., Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988)). Such "broad powers" may be exercised "only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Jackson v. City of Philadelphia*, 535 F. App'x 64, 69 (3d Cir. 2013) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677) (internal quotation marks omitted).

"The movant under Rule 60(b) 'bears a heavy burden.'" *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). "Motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a

decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). Moreover, since legal error can usually be corrected on appeal, legal error, without more, does not justify the granting of relief under Rule 60(b)(6). *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d. Cir. 2004) (quoting *Martinez–McBean v. Gov't of V.I.*, 562 F.2d 908, 912 (3d Cir. 1977)); *Klapprott v. United States*, 335 U.S. 601, 613-14 (1949). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel*, 2017 WL 432947, at *1.

Shaw sets forth no facts which establish extraordinary circumstances warranting relief under Rule 60(b)(6). In the Court's Order and accompanying Memorandum dated July 8, 2024, the Court determined that Shaw's complaint must be dismissed without prejudice due to Shaw's counsel's repeated failure to engage in discovery, communicate with opposing counsel, appear for scheduled hearings and discovery conferences, and comply with Court Orders over the course of five months. (Doc. 22; Doc. 24; Doc. 25). The Court ordered dismissal without prejudice and allowed "Plaintiff to attempt to seek new counsel and refile his claims with another attorney's assistance." (Doc. 24, at 12). By allowing Shaw to do so, the Court accounted for the interests of justice at issue when Shaw's opportunity to litigate is at stake due to no fault of his own, but of his attorney's. (Doc. 24, at 8).

In his motion to reinstate this action, Shaw contends that "his counsel has worked to overcome challenges faced during the time period of fact discovery," namely that Shaw's counsel was no longer working for his previous firm and thus lacked the resources he previously enjoyed to litigation this case. (Doc. 28, at 2-3). However, rather than alleging how this challenge might constitute extraordinary circumstances, Shaw instead reiterates that

8

"[c]ounsel's oversight should not prejudice Plaintiff's case." (Doc. 28, at 3). Such an argument does not warrant the granting of the motion for reconsideration under Rule 60(b) because the Court considered this exact circumstance and opted to dismiss without prejudice, so as not to punish Shaw for his attorney's negligence. *Cf. In re Avandia Marketing, Sales Practices & Products Liability Litig.*, No. 07-MD-01871, 2011 WL 4945713, at *1 (E.D. Pa. Oct. 14, 2011) (reconsideration is not permitted to reargue matters the court already resolved or relitigate points of disagreement between the court and the moving party). Further, Shaw's counsel has continued to demonstrate dilatoriness and an inability or unwillingness to litigate this case, as he has failed to file a brief in opposition to Vetforce's motion for attorney's fees. (Doc. 26). Therefore, this Court cannot grant Shaw's Rule 60(b) request; Shaw has not established "other reason justifying relief." Accordingly, the motion to reinstate this action is **DENIED**. (Doc. 28).

    B.  M<small>OTION FOR</small> A<small>TTORNEY'S</small> F<small>EES</small>

As this Court has already determined that attorney's fees are an appropriate sanction, and Shaw has not properly rebutted that determination, the only remaining issue is the calculation of fees. (Doc. 24, at 12-13; Doc. 26); *see Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007) (showing that the Court was found to be within its discretion to impose monetary sanctions despite a lack of bad faith or intentional misconduct by the non-complying party due to "the inconvenience and expense" of a party's tardily produced notes).

The starting point for a court's determination of reasonable attorneys' fees is the lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. at 433. The lodestar is the product of the number of hours reasonably expended by litigation, and the reasonable hourly rate. There is a strong presumption that the lodestar is a reasonable fee. *See City of Burlington v. Dague*, 505

U.S. 557, 562 (1992). Nevertheless, a court may adjust this figure upward or downward when the lodestar is unreasonable. *Hensley*, 461 U.S. at 434.

Courts apply a burden-shifting analysis to calculate the lodestar. The petitioner must produce evidence that the hours spent and rate charged are reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Once the petitioner has done so, the burden shifts to the respondent to challenge the attorney's hours, hourly rate, and the reasonableness of the product of those numbers. *Rode*, 892 F.2d at 1183. In considering the opposing party's objections, the district court enjoys substantial discretion to make downward adjustments to the lodestar, but a court should not "decrease a fee award based on factors not raised at all by the adverse party." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). The Supreme Court has restricted the court's discretion to adjust the lodestar upward such that the lodestar may be increased only in very limited circumstances in which it does not adequately take into account a factor that may properly be considered in determining a reasonable fee. *Purdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

   1. **Hourly Rates**

To determine the reasonable hourly fee, the Court must apply a burden-shifting procedure. See *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, 361 (3d Cir. 2001). First, the fee applicant must establish a *prima facie* case by "producing sufficient evidence of what constitutes a reasonable market rate." *Evans*, 273 F.3d at 361. An attorney's usual billing rate for the particular services rendered is typically the starting point of this calculation. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001); *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3d Cir. 2004) (citing *Maldonado*, 256 F.3d at 184 – 85).

Once the fee applicant meets the initial burden, the nonmoving party may contest the

reasonableness of the rate with "appropriate record evidence." *Evans*, 273 F.3d at 361. [H]ourly rates that were set for a specific attorney in previous court decisions do not generally constitute record evidence, *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 226 (3d Cir. 2001), unless those rates were set for the same attorney and for the same type of work of a contemporaneous period. *Black v. Grievance Comm. v. Phila. Elec. Co.*, 802 F.2d 648, 652 (3d Cir. 1986), *vacated on other grounds*, 483 U.S. 1015 (1987).

Here, Vetforce seeks an hourly rate of $180.00. (Doc. 26-1; Doc. 27, at 8). Shaw does not oppose the hourly rates requested by Vetforce. *See Evankavitch v. Green Tree Servicing, LLC*, No. 3:12cv2564, 2014 WL 4437645, *2 (M.D. Pa. September 9, 2014) (finding that district precedent allows the court to adopt the hourly rate amounts suggested by attorneys when defendants do not oppose them). The Court finds that an hourly rate of $180.00 is reasonable. *Cf. Beattie v. Line Mountain School Dist.*, No. 4:13–cv–02655, 2014 WL 3400975, *10 (M.D. Pa. July 10, 2014) (finding "a reasonable fee range in this vicinage [Williamsport for the Middle District of Pennsylvania] for a partner with the necessary skill and experience to provide competent legal services in this type [civil rights] of litigation is in the range of $180 to $325 per hour.").

2. **Hours Billed**

To meet the initial burden of proving that the requested fees are reasonable, Vetforce must submit evidence of the hours worked that is specific enough to allow the court to "determine if the hours claimed are unreasonable for the work performed." *Washington v. Phila. Cnty. Ct. of Comm. Pl.*, 89 F.3d 1031, 1037 (3d Cir. 1996). To satisfy this burden, a petition should include, "fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various

classes of attorneys." *Rode*, 892 F.2d at 1191 (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)). Further, "a chronological listing of time spent per activity by attorneys is essentially a summary of the time spent per task." *Lindy Bros. Builders,* 487 F.2d at 167. Once a fee applicant has met this burden, "[t]he party opposing the fee award then has the burden to challenge the reasonableness of the requested fee ... with sufficient specificity to give the fee applicant notice of the objection." *E.E.O.C. v. Fed. Express Corp.*, 537 F. Supp. 2d 700, 721 (M.D. Pa. 2005). Where the opposing party makes specific objections, the burden shifts back to the fee applicant to justify the request. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005), *as amended* (Nov. 10, 2005). The Court enjoys considerable discretion to adjust the fee applicant's claimed hours in light of the opposing party's objections. *Fed. Express Corp.*, 537 F. Supp. 2d at 721.

Here, Vetforce requests a fee award in the amount of $2,118.00, which is the total result of 11.8 hours at an hourly rate of $180.00. (Doc. 209-1 at 10 ¶ 25). The ledger submitted in support of this request includes highly specific work performed by Vetforce's attorney, and totals the amount requested. (Doc. 26-1). This Court held a hearing in Scranton regarding Vetforce's motion for sanctions, at which Shaw's attorney failed to appear, and granted the motion for sanctions on July 8, 2024. (Doc. 22; Doc. 24; Doc. 25). The ledger entries span from June 2024 to August 2024. (Doc. 26-1). Specifically, the entries show that (1) Vetforce's attorney worked for 6.8 hours June 11, 2024 to June 13, 2024 on the preparation and filing of the motion for sanctions; (2) Vetforce's attorney worked for 5 hours on July 1, 2024 to travel to and from Scranton and argue his motion; and (3) Vetforce's attorney worked 1.3 hours to prepare and file the instant motion for attorney's fees. (Doc. 26-1). The Court finds these time

periods appropriate given the fact that Court heard argument on the motion for sanctions on July 1, 2024 and issued its Order on July 7, 2024. (Doc. 24; Doc. 25). Therefore, Vetforce has met its burden of providing "fairly definite information as to the hours devoted to various general activities" regarding this matter. *See Rode*, 892 F.2d at 191. Again, Shaw has submitted nothing in opposition to this request for attorney fees.

IV.    CONCLUSION

For the foregoing reasons, Vetforce's motion for attorney's fees is **GRANTED**. (Doc. 26). The Court will award fees in the amount of $2,118.00 to Attorney Hauser. Shaw's motion to reinstate this action is **DENIED**. (Doc. 28).

An appropriate Order follows.

**BY THE COURT:**

Dated: January 13, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**